*Com'th for Harrison, vs. Pearce's ex'x.*   DEBT.

 Error from the Jefferson Circuit; HENRY PIRTLE, Judge.   Case 63.

*Collectors of militia fines. Statutory Bonds. Actions.*
*Militia paymasters.*

Judge OWSLEY delivered the Opinion of the Court.   June 10.
  THIS case turns upon the correctness
of the decision of the circuit court, adjudging in-
sufficient the plaintiff's declaration, upon a demur-
rer filed by the defendant.

 The declaration is in the name of the Common- Declaration.
wealth, on the relation of Harrison, paymaster of
the first Regiment of the Kentucky Militia, on a
bond executed by the testator Pearce, Brook Hill,
&c. to the Commonwealth, the 16th day of January,
1822.

 There is subjoined to the bond, a condition,
which is set forth in the declaration in the following
words:

 "The condition of the above obligation is such, Condition of
that whereas the above bound Brook Hill, under the bond de-
the authority of an act of the assembly of the Com- clared on.
monwealth, entitled, an act for the benefit of the
first Regiment of the Kentucky Militia, and for oth-
er purposes, has been appointed, by the board of of-
ficers of the said Regiment, collector of the fines
and other demands, assessed by and due the said
Regiment, and which may hereafter become due,
and also collector of the fines, and other demands
assessed by and due the said Regiment, for the years
1820 and 1821, which may be due and unpaid at the
time of the passage of said act. Now, therefore, in
case the said Brook Hill shall well and truly collect
the said fines and dues, assessed by and due the said

Com'th for
Harrison
vs.
Pearce's
ex'x.

Regiment, or which may hereafter be assessed by, and become due to the said Regiment, whilst the said Hill shall continue in his said office of collector, and account for, and pay the said fines and dues, to the paymaster of the said Regiment, at the time or times, and in the manner which sheriffs of the said Commonwealth were bound by law to collect, account for, and pay the same; then the above and foregoing obligation shall be void, otherwise the same shall be and remain, in full force and virtue, &c."

Assignment
of breaches.

And for breach of the condition, the plaintiff, in his declaration, avers, that while the said Brook Hill continued in his said office, of collector of said Regiment, there were placed in his hands, fines assessed by and due said Regiment, the following sums, to-wit: For the year 1819, the sum of $43; for the year 1820, the sum of $3747 50 cents; for the year 1821, the sum of $3629; for the year 1822, the sum of $814; and for the year 1823, the sum of $1519; the whole amounting to the sum of $9754 50 cents; which said several lists of fines, assessed by and due said Regiment, and placed in said Hill's hands for collection, as aforesaid, the said Hill has failed and refused to collect, account for, and pay, to the paymaster of the said Regiment, at the time or times, and in the manner which sheriffs of said Commonwealth were bound by law to collect, account, and pay, &c.

Collector of
militia fines,
appointed by
the officers of
a regiment,
has no power
to collect
fines imposed
after his ap-
pointment.

By adverting to the act of assembly, to which the condition of the bond refers, and under which the officers of the Regiment derived their authority to appoint a collector, it will be perceived, that the condition of the bond as set out in the declaration, does not in all respects conform precisely to the requisitions of the act. The condition of the bond declared on, contains a stipulation, not only for the due and faithful performance of the duties of Hill, the collector, in the collection and payment of fines and demands, which at the date of the bond, had been assessed by the Regiment, and which were then owing and due, or might thereafter become due, but it also contains a stipulation for the collection and payment, by Hill, of fines and demands which

might thereafter be assessed by the Regiment; and by turning to the act of assembly, it will be found to contain no provision which, according to any fair interpretation, can be construed to authorize the Regiment to appoint a collector, to collect fines or demands which may, after the appointment, be assessed by the Regiment, and it is only to secure the collection and payment of fines and demands, which might be assessed at the time, and for the collection of which, the Regiment was authorized to appoint a collector, that the bond is required by the act.

It would, therefore, seem necessarily to follow, that, as respects the fines and demands to be assessed after the date of the bond, the condition is inoperative, and not binding on Hill, the collector, or his sureties. *For if the* Regiment possessed no power to appoint Hill as the *collector of after-as-*sessed fines and demands, his being appointed can have conferred no authority on him to collect them, and it would be preposterous to give a construction to the bond, which would impose an obligation upon him, or his sureties, for the faithful collection and payment of fines and demands, when, from his appointment no power to make such collection was derived. According to this construction of the bond, the breach which is alleged, in the failure to collect and pay the after-assessed fines, &c. is bad.

*Other* breaches are *also* assigned, and though some may be bad, if there be any sufficient breach assigned, the declaration should not have been adjudged bad on demurrer; so that it becomes necessary to bestow some attention to the other conditions of the bond.

With respect to them, they are not, it is true, in precisely the words of the condition required by the act, but there is not such a discrepancy between them and the condition required by the act, as, in our opinion, should render them inoperative, and not binding on the sureties of the collector, Hill. Those conditions are understood to embrace fines and demands which, at the date of the bond, had been assessed, and which had not been previously collected; and though, in pointing out the manner

*[margin notes]*

Com'th for Harrison vs. Pearce's ex'x.

Such part of of the condition of such collector's bond as would bind him to collect such subsequent fines, is ineffectual. —But,

It seems such bond is good to secure the collection of the fines previously imposed.

Not necessary in the condition of such bond to enumerate the duties of the collector, but the specification of those imposed by law will not vitiate it. ·

<div style="float:left; width:30%">

Com'th for
Harrison
vs.
Pearce's
ex'x.

———————

Bonds of col-
lectors ap-
pointed by
the officers of
a regiment,
ought to be
made paya-
ble to the
Com'th.

Actions may
be maintain-
ed on such
bonds in the
name of the
common'th,
at the rela-
tion of the
paymaster of
the regiment.

</div>

and time of collection, and the person to whom the amount thereof was to be paid by the collector, those conditions are more special than the act required the condition of the bond to be, the discrepency in that respect is more of form than substance, and the condition should not, therefore, on that account, be adjudged inoperative. To have been in the words of the act, the condition should have been for the *faithful discharge of the office of Hill, as collector*, without naming or describing the person, to whom the fines and demands, when collected, should be paid, as the condition of the bond has done. But the payment of the money, when collected, most certainly formed a part of the duties of the collector's office; and it can be no solid objection to the condition of the bond, that it required payment to be made to the paymaster, whose duty by law it is to receive the same, when collected.

But it is objected against the bond, that there is no law authorizing it to be taken to the commonwealth. It is true the act of assembly, under which the collector was appointed, has omitted to name to whom the bond should be given; but it should not be forgotten, that the duties which, by his appointment, devolved upon the collector to perform, constitutes part of what would have been the official duties of the sheriff of the county, if he had not been appointed; so that, in requiring a bond to be given by the collector, it is but fair to infer, that the legislature intended the bond should be given to the commonwealth, to whom the official bonds of sheriffs are regularly given.

An analogous answer may be given to the objection, that the act has not authorized the bond to be put in suit by the paymaster. If, instead of being placed in the hands of the collector, the fines and demands had been put into the hands of a sheriff, whose duty would have been to collect and pay over the same, there could have been no reasonable doubt as to the right of the paymaster to put the sheriff's bond in suit, on his failure to collect and pay the amount; and the reason is equally strong in favour of permitting suit to be brought by the paymaster.

upon the bond given by the collector to perform that which would otherwise have been incumbent on the sheriff to do, especially as the condition of the bond expressly stipulates for payment to be made to the paymaster.

<div style="float:right">Com'th for
Harrison
vs.
Pearce's
ex'x.</div>

Upon the whole, we think that the bond is a valid one, and that the condition, so far as respects the fines and demands assessed by the Regiment before its date, is binding on the sureties of the collector, and that the breach alleged in that condition is sufficiently charged in the declaration.

<div style="float:right">Bond valid,
so far as conformable to
the statute.</div>

The demurrer should, consequently, have been overruled by the circuit court.

The judgment must, therefore, be reversed, with costs; the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.

<div style="float:right">Judgment
and mandate.</div>

*Denny* for appellant.